IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUADALUPE BARRIOS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:23-CV-00033-E |
| TARGET CORPORATION, | § § § | |
| Defendant. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Target Corporation's 12(b)(6) Motion to Dismiss (Target's Motion), which seeks to dismiss Plaintiff's general negligence claim, negligence per se claim, and negligence claims beyond the scope of a premises liability claim. (ECF Nos. 2-3). To date, Plaintiff has filed no opposition or response, whatsoever. For the reasons enumerated below, the Court GRANTS Target's Motion.

### I. BACKGROUND

On December 2, 2022, Plaintiff Guadalupe Barrios initiated this action in state court alleging she "was injured when she slipped on water on the floor" "on the premises owned and operated by [Target]" in Addison, Texas. (ECF No. 1-3 at 2). On January 6, 2023, Target timely removed this case to the Court. (ECF no. 1). Barrios proceeds on her state court petition, which alleges claims "under the theory of premises liability and negligence" based on:

a. Failure to maintain the premises in a reasonably safe condition;
b. Failure to inspect the premises where the dangerous condition existed;
c. Failure to correct the condition by taking reasonable measures to safeguard persons who entered premises;
d. Failure to inform Plaintiff of the dangerous condition existing on the premises;
d. Failure to act as a reasonably prudent premises owner would act in the same or

    similar situation; and
e. Other acts deemed negligent[]

(ECF No. 1-3 at 3). Barrios further mentions negligence per se in her state court petition. (ECF No. 1-3 at 3).

On January 6, 2023, Target moved to dismiss Barrios's "general negligence," "negligence per se," and "any and all other allegations beyond the scope of a premise cause of action asserted against Target pursuant to Federal Rule of Civil Procedure 12(b)(6)." (ECF No. 2 at 2). Barrios has not responded at any time. Target's motion to dismiss is ripe for consideration.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The Court will not accept as true "legal conclusions couched as factual allegations." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "The

court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### III.  ANALYSIS

Northern District of Texas Local Rule 7.1(e) instructs that "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." N.D. Tex. Loc. R. 7.1(e). A party who fails to pursue a claim beyond its initial pleading may waive or abandon the claim. *Black v. N. Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff] further failed to defend her retaliatory abandonment claim in both responses to the defendant's motion to dismiss."). Thus, a party's failure to defend a claim in her response to a motion to dismiss constitutes abandonment. *See Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (concluding plaintiff's failure to respond to defendant's argument in a motion to dismiss constituted abandonment) (citing *Black*, 461 F.3d at 588 n.1); *see, e.g.*, *Vela v. City of Houston,* 276 F.3d 659, 678-79 (5th Cir. 2001) (discussing abandonment of theories of recovery and defenses when such theories were not presented to the trial court).

Here, Barrios failed to respond to Target's motion to dismiss at any time; more than 21 days have passed since the date Target's motion to dismiss was filed. *See* N.D. Tex. Loc. R. 7.1(e). Barrios has filed no motion for leave or any other filing relating to, objection to, or responding to Target's motion to dismiss. Because Barrios wholly failed to respond to the challenge to her claims regarding general negligence, negligence per se, and other negligence claims beyond the scope of a premises liability cause of action, Barrios has abandoned those claims. *See Black*, 461 F.3d at

588 n.1; *Matter of Dallas Roadster, Ltd.*, 846 F.3d at 126; *Vela*, 276 F.3d at 678-79.[1] Thus, the Court GRANTS Target's motion to dismiss as to Barrios's general negligence, negligence per se, and other negligence claims beyond the scope of a premises liability cause of action.[2] Barrios's premises liability claim against Target remains.

### IV.   CONCLUSION

For the reasons enumerated above, Plaintiff Barrios's general negligence, negligence per se, and other negligence claims beyond the scope of a premises liability cause of action are DISMISSED without prejudice. Barrios's premises liability claim against Defendant Target Corporation remains pending before the Court.

**SO ORDERED.**

26th day of July, 2023.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE

---

[1] *See also, e.g.*, *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) ("[F]ailure to brief an argument in the district court waives that argument in that court.") (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003)) (citations omitted); *Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue.") (citations omitted); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

[2] The Texas Supreme Court has explained that, "[d]epending on the circumstances, a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner"; that, "[w]hen the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply"; that, "[w]hen the injury is the result of the property's condition rather than an activity, premises-liability principles apply"; and that, "[a]lthough premises liability is itself a branch of negligence law, it is a 'special form' with different elements that define a property owner or occupant's duty with respect to those who enter the property." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (internal quotation marks omitted).